■ ARTHUR JONES et al., Respondents, v BRENDAN KELLY et al., Defendants, and CRABBY JOE'S, INC., Doing Business as PADDY MCGEE'S, Appellant. (Action No. 1.) MARK PEPPIN et al., Respondents, v GERALD J. FOSTER, INC., Doing Business as GERARD'S, Defendant, and CRABBY JOE'S, INC., Doing Business as PADDY MCGEE'S, Appellant. (Action No. 2.) [608 NYS2d 667] — In two related actions to recover damages for personal injuries, etc., the defendant Crabby Joe's, Inc., doing business as Paddy McGee's appeals from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated January 2, 1992, which denied its motions for summary judgment dismissing the complaints insofar as they are asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motions are granted, and the complaints are dismissed insofar as they are asserted against the appellant.

In order to sustain a claim under the Dram Shop Act, a plaintiff must demonstrate that the appellant vendor unlawfully sold alcoholic beverages to an intoxicated patron (see, General Obligations Law § 11-101 [1]). An unlawful sale is defined, in part, as a sale to "[a]ny visibly intoxicated person" (Alcoholic Beverage Control Law § 65 [2]). The Supreme Court erred in denying the motions by the appellant Crabby Joe's, Inc., doing business as Paddy McGee's for summary judgment because there was no evidence presented that Brendan Kelly acted or appeared to be intoxicated at the time that he ordered a bottle of wine with his dinner. Thompson, J. P., O'Brien, Joy and Altman, JJ., concur.